NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAURON TORSIELLO and LAURIE TORSIELLO, | Civil Action No. 13-07698 (SRC) |
| Plaintiffs, | OPINION |
| v. |  |
| U-HAUL COMPANY OF ARIZONA and CLIFFORD NDUBI MANANI, |  |
| Defendants. |  |

**CHESLER**, District Judge

Presently before the Court is a facially untimely Complaint, which Defendants U-Haul Company of Arizona and Clifford Ndubi Manani ("Defendants") have moved to dismiss on that ground. [Docket Entry 3.] It is well settled in the Third Circuit that a limitations defense, normally required by Federal Rule of Civil Procedure 8(c) to be pleaded in Defendants' Answer, may be raised in a Rule 12(b)(6) motion if "the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). The Complaint in this case, which alleges two counts of negligence and seeks damages for personal injuries, was filed in this Court more than three years after the automobile accident complained of. Thus, it is apparent from the face of the pleadings that this lawsuit is time-barred under New Jersey law, which requires personal-injury torts to be commenced within two years. N.J. Stat. Ann. § 2A:14-2.[1]

---

[1] Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332. Federal courts sitting in diversity apply the choice of law rules of the forum state to determine which state's statute of

Plaintiffs Lauron and Laurie Torsiello ("Plaintiffs") do not contest that New Jersey's two-year personal injury limitations period applies and that their Complaint was not filed within that period.  Instead, Plaintiffs argue that the statute of limitations should be tolled because Defendants "were evasive in allowing the Plaintiffs to pursue" a previously filed and identical lawsuit in New Jersey state court.  (Opp. Br. at 6.)  In this regard, Plaintiffs rely exclusively on Galligan v. Westfield Centre Serv., Inc., 412 A.2d 122 (N.J. 1980), a case in which the New Jersey Supreme Court concluded that where a complaint is timely filed in federal court but is subsequently dismissed for lack of subject matter jurisdiction, the statute of limitations is "tolled by the filing of a complaint in federal court which lacked subject matter jurisdiction." Jaworowski v. Ciasulli, 490 F.3d 331, 334 (3d Cir. 2007) (quoting Galligan, 412 A.2d at 123). This holding parallels 28 U.S.C. § 1367(d), which tolls the statute of limitations for any state law claim while that claim is pending in federal court and for an additional thirty days should the federal court decline to exercise supplemental subject matter jurisdiction over it.

The situation in this case, however, is not comparable.  There is no suggestion that Plaintiffs' prior state court filing was in a court without subject matter jurisdiction; rather, Plaintiffs' own submission reveals that the Superior Court of New Jersey dismissed Plaintiffs' previously filed lawsuit for failure to prosecute.  (See Opp. Br. at 3.)  Indeed, while the plaintiff in Galligan refiled in state court during the pendency of the federal action, see 412 A.2d at 123, Plaintiffs here only filed the instant Complaint after their request to vacate the state court dismissal was denied.  There is nothing about the current case that implicates equitable considerations whatsoever, and it appears instead to be a last ditch effort aimed at avoiding the

---

limitations to apply.  Warriner v. Stanton, 475 F.3d 497, 499-500 (3d Cir. 2007).  Both parties, however, apply New Jersey law here, and the Court will not wade into murky choice of law waters *sua sponte*.

effects of Plaintiffs' failure to pursue their claims in state court.  Consequently, the Court must reject Plaintiffs' equitable tolling argument and dismiss the Complaint as untimely.

An appropriate Order will be filed herewith.


    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: April 14th, 2014

3